ORDERED.

Dated:  January 03, 2023

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re

Carmen Joseph DeSocio,

        Debtor(s).

Case No.  8:22-bk-02614-RCT
Chapter 13

## MEMORANDUM DECISION AND ORDER
## DENYING AMENDED MOTION FOR RELIEF FROM STAY

     Before the Court is the Amended Verified Motion for Relief from Stay and Co-Debtor Stay (Doc. 22) filed by Creditor Andrew Fowley and his memorandum of law in support (Doc. 28) (together, the "Motion"),[1] and Debtor's response in opposition to the Motion (Doc. 23).  The Motion was considered at a preliminary hearing, after which having heard from counsel for the parties, the Court requested that the record be supplemented with the pleadings from the parties' state court action and invited the parties to file briefs in support of their respective positions.  The Court has considered those post-hearing briefs (Docs. 30 & 32) and the state court pleadings filed of record.[2]  For the following reasons, the Motion is denied.

---

[1]  Exhibits referenced in the Motion are in the record attached to Creditor's original motion (Doc. 19); they were not uploaded with the amended filing.  The Court assumes this simply was an oversight.
[2]  Docs. 31 & 32 Exs. 1–5.  The Court also takes judicial notice of the state court's docket.  Fed. R. Evid. 201.

By way of background, on April 23, 2019, Debtor and his non-filing spouse[3] entered into an agreement with Creditor for the purchase of a 1971 42' double wide mobile home[4] located at Down Yonder Park, 7001 42nd Avenue N., Lot 66, Largo, Florida 33771 (the "Mobile Home"). The "Residential Purchase Agreement" (the "Agreement"),[5] which was drafted by Creditor[6] (seemingly without the assistance of counsel), provided for a purchase price of $34,500.

Debtor was required to make a $5,000 earnest money deposit which would be applied "at [c]losing" to the purchase price. This sum notwithstanding, Debtor paid $12,198 as a down payment toward the purchase price upon execution of the Agreement[7] and shortly thereafter, Debtor took possession of the Mobile Home. Debtor remains in possession.

The Agreement provided for a "[c]losing date" later the same day the Agreement was executed. To date, no "closing" has occurred. Title to the Mobile Home remains with Creditor.

As to the balance of the purchase price, the Agreement provided for both an all-cash sale at or about the time of the "closing" as well as seller financing.[8] The seller financing terms were as follows: Debtor would pay $600 per month until the purchase price was paid in full; the "loan" would bear interest at a fixed 6%; and there would be no prepayment penalty.[9] The parties disagree on the characterization of these conflicting provisions, which led, in part, to Debtor commencing an action in the county court for Pinellas County. Nonetheless, Debtor did not tender the full balance of the purchase price as contemplated by the Agreement; rather, the parties proceeded in a manner consistent with the proposed seller financing. Creditor asserts in the Motion that Debtor

---

[3] Hereafter, for sake of simplicity, the Court will refer to Debtor and Ms. DeSocio together as "Debtor."
[4] VIN 1308TA and VIN 1308TB. *See* Mot. ¶ 2; Doc. 19 Ex. B.
[5] Doc. 19 Ex. A; *see also* Claim No. 12-1.
[6] Doc. 31 Ex. 2 (the "Amended Complaint") ¶ 5 & Doc. 31 Ex. 3 (the "Answer") ¶ 5.
[7] Am. Compl. ¶ 10; Answer ¶ 10.
[8] Am. Compl. ¶¶ 11–12; Answer ¶¶ 11–12.
[9] Under the Agreement, Debtor was also obligated to pay the full lot rent to Down Yonder Park. There has been no suggestion that Debtor failed to pay the lot rent for the Mobile Home.

made payments through September 2019 but has made none since.[10]

On December 2, 2019, Debtor filed suit against Creditor in the Pinellas County Court (the "State Court Action").[11] Debtor's original complaint sought declaratory relief regarding the enforceability of certain terms of the Agreement as well as reformation of the Agreement to reflect the "actual agreement" which was for "sale, purchase, and financing" of the Mobile Home. Debtor filed an Amended Complaint in May 2020, adding a claim for rescission. Creditor answered the Amended Complaint and asserting defenses of waiver and contributory negligence. Later, Creditor, with leave of the state court, asserted counterclaims including breach of contract, unjust enrichment, and eviction. Debtor responded to the counterclaims asserting defenses including defective formation of contract, indefiniteness, and failure of consideration.

After much litigation and a non-jury trial in March 2022, on April 14, 2022, the state court entered a Final Judgment (the "Judgment"). The Judgment states that the parties "entered into a contract for [Debtor] to purchase a mobile home from [Creditor], agreeing to a purchase price of $34,900, with a down payment and seller financing." Noting that thereafter a dispute arose regarding the timing for transfer of title to the Mobile Home and that the parties invoked its equitable jurisdiction, the state court ordered:

> [A] "closing" take place on or before June 30, 2022, upon the following terms: 1) [Debtor] shall tender to [Creditor] the balance of the purchase price, or alternatively a sum equal to the amount that brings the financing obligation current (with a promissory note for any balance); 2) [Creditor] shall transfer title to the mobile home to [Debtor], and if applicable be noted on the certificate as the first lienholder; and 3) Should [Debtor] fail to make payment, they must vacate the home by June 30, 2022 – [Creditor] shall have the right to seek damages as subsequently determined by the Court.[12]

---

[10] Mot. ¶ 5. Actually, the Motion states September 2018, but the Court assumes this to be a typographic error.
[11] *DeSocio v. Fowley*, Case No. 19-010019-CO-40 (Fla. Pinellas County Ct. filed Dec. 2, 2019).
[12] Doc. 19 Ex. C.

Creditor promptly moved for rehearing, arguing, among others, that the Judgment was factually inaccurate and that the court was "unlawfully rewrit[ing] the contract." Creditor reiterated his claim that Debtor breached the written contract and took issue that the court had "impose[d] a new 'closing date,'" allowed Debtor to bring the account current "with absolutely no penalty," and "granted [Debtor] a promissory note for any remaining balance owed and order[ed] [Creditor] to turn over original titles."[13] Creditor's motion was denied.[14]

No appeals were taken in the State Court Action.

On June 13, 2022, Debtor filed an emergency motion in the State Court Action, in which Debtor asserted that Creditor's counsel was refusing to coordinate the court-ordered "closing" and asked the state court to compel counsel to do so. Emails attached to the emergency motion indicate that Creditor's counsel was not wholly unwilling but first was requesting clarification of whether Debtor intended to pay the balance of the purchase price in lump sum at the "closing" or Debtor intended to bring current the financing obligation and provide a promissory note for the balance.[15]

On June 29, 2022, before the state court ruled on the emergency motion, Debtor commenced this Chapter 13 bankruptcy. In his plan, filed that same date, Debtor proposes to treat Creditor as secured and proposes to cure and maintain Creditor's secured claim.[16] Debtor scheduled Creditor on Schedule D as holding a secured claim in the amount $22,700; Debtor characterizes Creditor's lien as a purchase money security.[17]

Creditor timely filed a claim in the amount of $27,009.40, fully secured by the Mobile Home.[18] Doing the math, Debtor's plan appears to pay Creditor's claim in full, with interest.

---

[13] Doc. 32 Ex. 4.
[14] Doc. 32 Ex. 5.
[15] Doc. 19 Ex. D.
[16] Docs. 1 & 4.
[17] Doc. 14.
[18] Claim 12-1.

Creditor moves for relief from stay and the co-debtor stay under 11 U.S.C. § 362(d)(1) and § 1301(c),[19] presumably "for cause." Creditor argues that Debtor failed to tender any sum by the "closing" date ordered in the Final Judgment and having done so, thereafter failed to vacate the premises as ordered. Creditor asserts that Debtor's tender of funds by the June 30 deadline, which Creditor notes was not actually possible based on Debtor's schedules, was a "pre-condition" for his obligation to pass title to the Mobile Home. The condition having failed, Debtor is left with a mere possessory interest. Creditor seeks relief in order to retake possession of the Mobile Home.

Debtor objects to the Motion, noting that he has filed a plan that proposes to pay the Creditor's secured claim in full.

The parties' post-hearing briefs are not terribly helpful. Creditor largely focuses on the state court's jurisdiction to determine title and assumes that the court determined that Debtor held only a right of possession; Debtor largely recounts the state court record.

Creditor's attempt in the Motion to analogize the facts, and specifically the June 30 deadline set in the Judgment, to an option contract or a scenario governed by § 108(b) is unavailing, given the Court's review of the Judgment and the state court pleadings. Debtor sought reformation or rescission; Creditor counterclaimed for breach of contract and unjust enrichment. Clearly, the state court rejected Creditor's breach claim and it likely found that the Agreement suffered defects that rendered it unenforceable as written. It is also clear that the state court characterized the intended transaction to be a purchase and sale of the Mobile Home with seller financing. This led the state court to render the equitable relief it did, namely, to reform the Agreement to the Debtor's understanding of the transaction but provide Debtor the opportunity to rescind the reformed agreement subject to the Creditor's claim for damages.

---

[19] 11 U.S.C. §§ 101–1532 ("Code" or "Bankruptcy Code"). Unless otherwise indicated, all statutory references are to the Bankruptcy Code.

As the Court noted at the hearing on the Motion, Florida is a lien state. Section 697.01(1) of the Florida Statutes provides:

> All conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages.

Upon due consideration of the facts, the state court record, and Florida's status as a lien state, the Court concludes that Creditor's secured claim in this case should be treated as a loan and mortgage, which Debtor appropriately treats in his Chapter 13 plan. Accordingly, the Court finds that "cause" does not exist to lift the stay.

It is therefore **ORDERED** that the Motion (Doc. 22) is **DENIED**.

Service of this Order other than by CM/ECF is not required. Local Rule 9013-3(b).